**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CITY OF HOLLYWOOD POLICE OFFICERS' RETIREMENT SYSTEM,** *individually and on behalf of all other similarly situated shareholders of* **EXXON MOBIL CORP.**,<br><br>Plaintiff,<br><br>v.<br><br>**DARREN W. WOODS, *et al.***,<br><br>Defendants. | Civil Action No. 25-16633 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon the following Motions: (1) a Motion for Reconsideration ("Motion for Reconsideration," ECF No. 34) filed by Plaintiff City of Hollywood Police Officers' Retirement System, individually and on behalf of all other similarly situated shareholders of ExxonMobil Corp. ("Plaintiff"); (2) a Motion to Transfer Case to the United States District Court for the Southern District of Texas ("Motion to Transfer," ECF No. 41) filed by Defendants Darren W. Woods, Michael J. Angelakis, Angela F. Braly, Maria S. Dreyfus, John D. Harris II, Kaisa H. Hietala, Joseph L. Hooley, Steven A. Kandarian, Alexander A. Karsner, Lawrence W. Kellner, Dina Powell McCormick, Jeffrey W. Ubben (collectively, "Individual Defendants") and ExxonMobil Corporation ("ExxonMobil" and, together with Individual Defendants, "Defendants"); and (3) a Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 12(b)(3) ("MTD," ECF No. 42) filed by Defendants.

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** Plaintiff's Motion for Reconsideration, **GRANT** Defendants' Motion to Transfer, and **DENY AS MOOT** Defendants' Motion to Dismiss.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. THE PARTIES

ExxonMobil is a multinational oil, gas, and petrochemical company that has been operational for over 140 years. (ECF No. 1 ("Compl.") ¶ 26.) ExxonMobil is incorporated in the State of New Jersey (*id.* ¶ 25), and its global corporate headquarters is located in Texas. (ECF No. 41-2, Declaration of Ashley Wittrig in Support of Defendants' Motion to Transfer ("Wittrig Decl.") ¶ 5.)

The members of ExxonMobil's Management Committee work and reside in Texas. (*Id.* ¶ 6.) The Complaint does not allege that any of the Individual Defendants are located in or otherwise connected to New Jersey. (Compl. ¶¶ 13–24.)

Plaintiff is a public pension fund that administers a retirement benefit plan with over $500 million in assets on behalf of more than 700 active and retired police officers employed by the City of Hollywood, Florida and their beneficiaries.[1]

### B. BACKGROUND

On September 15, 2025, ExxonMobil announced that it would begin to implement a new, first of its kind program that would ask ExxonMobil's retail investor shareholders to enroll in a new Retail Voting Program ("RVP"). (*Id.* ¶¶ 1, 31.) Under the RVP, shareholders' shares would

[1] See City of Hollywood – Police Officers' Ret. Sys., http://www.hollywoodpolicepensionfund.com/home.asp (last visited Aug. 11, 2026); Mariner, Hollywood Police Officers' Ret. Sys. Inv. Performance Review Period Ending Sept. 30, 2025, 14–15, http://www.hollywoodpolicepensionfund.com/docs/investments/2025-09-30%20Hollywood%20Police%20Quarterly%20Report.pdf.

be voted automatically in alignment with recommendations from ExxonMobil's Board of Directors (the "Board"). (*Id.* ¶ 1.) On September 17, 2025, ExxonMobil filed a proxy solicitation inviting retail shareholders to enroll in the RVP through a website link or QR code (the "Solicitation"). (*Id.* ¶ 3.) Only retail investors are asked to join the RVP and designate ExxonMobil the ability to vote their shares in perpetuity in favor of the Board's recommendations either: (1) as to all matters; or (2) as to all matters except director elections or any acquisition, merger, or divestiture transaction that, under applicable state law or stock exchange rules, requires approval of Exxon's shareholders. (*Id.* ¶ 2.) Shareholders who decide to enroll in the RVP are permitted to un-enroll at any time. (*Id.*)

ExxonMobil requested that the Securities and Exchange Commission's ("SEC") Division of Corporation Finance (the "Division") issue a letter granting no-action relief for its RVP. (*Id.* 32.) ExxonMobil specifically did not seek the Division's opinion regarding whether the RVP constituted a "solicitation," but conceded that Rule 14a-2(a)(1)'s provisions would apply. (*Id.* ¶ 33.) The Division granted ExxonMobil's request for no-action relief, even though "the RVP represented an extraordinary departure from standard voting procedure[] and had never been instituted or even publicly considered by any publicly traded corporation." (*Id.* ¶ 34.)

**C. PROCEDURAL HISTORY**

On November 14, 2025, Plaintiff filed a Motion for Expedited Proceedings and Discovery ("Motion to Expedite," ECF No. 21). In the Motion to Expedite, Plaintiff sought documents and communications and sought to depose members of the Management Committee. (ECF No. 21 at 2–3.) Defendants opposed the Motion to Expedite and informed the Court that they intended to move to dismiss the Complaint and transfer venue. (ECF No. 27.) This Court denied the Motion to Expedite on December 30, 2025. (ECF No. 31.)

## II. MOTION FOR RECONSIDERATION

### A. LEGAL STANDARD

Reconsideration, under Local Civil Rule 7.1(i), is an "extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). To demonstrate a clear error, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that the holdings on which it bases its request (1) were without support in the record, or (2) would result in manifest injustice if not addressed. *Leja v. Schmidt Mfg, Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). Importantly, courts will "entertain" motions for reconsideration "[o]nly where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Mere "disagreement with the Court's decision" is also insufficient. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made, nor is it

an opportunity to ask the Court to rethink what it has already thought through. *See Peoplestrategy, Inc. v. Lively Emp. Serv., Inc.*, Civ. No. 20-2640, 2020 WL 7237930, at *6 (D.N.J. Dec. 9, 2020).

**B. DISCUSSION**

Plaintiff seeks reconsideration of the Court's December 30, 2025 Order and Opinion (collectively, the "December 30 Opinion") denying Plaintiff's motion for expedited discovery. Plaintiff asserts that this action is not subject to the Private Securities Litigation Reform Act's ("PSLRA") automatic stay of discovery.

The Motion for Reconsideration raises only an error of law argument: that the "discovery Plaintiff seeks relating to its claims for breach of fiduciary duty under New Jersey state law cannot constitute an 'end run' around the PSLRA because the relief Plaintiff seeks is simply not available under federal law." (Motion for Reconsideration Moving Br. at 2.)

In support, Plaintiff reiterates the same arguments it made in its motion for expedited discovery. (*Compare* ECF No. 28 at 2 (arguing in support of motion for expedited discovery that "[t]he PSLRA does not apply to the state law breach of fiduciary duty claims"), *with* Motion to Reconsider Moving Br. at 4 (arguing that resolution of "whether the RVP violates the SEC's proxy solicitation rules . . . does not mean that the state law fiduciary duty claims arise under the federal securities laws").) The Court considered and addressed Plaintiff's argument that the PSLRA's discovery stay does not apply unless a complaint asserts federal securities claims, analyzed the cases Plaintiff cited, and rejected Plaintiff's position. (*See* December 30 Opinion at 5–6.)

Plaintiff attempts to distinguish each of the cases the Court cited in support of its decision that the stay required under the PSLRA does apply to Plaintiff's claims. (*See* Motion for Reconsideration Moving Br. at 2–4.) The Court recognizes that the authority it cited was neither controlling nor factually identical. Nevertheless, the Court's decision expressly concluded that the

reasonable extension of those cases was that the PSLRA stay also applies to Plaintiff's request for expedited discovery in this matter. (Opinion at 7) ("In short, this Court . . . extends the principles of the foregoing authorities to find that the PSLRA's automatic stay provision applies to state law claims for breach of fiduciary duties premised on violations of the securities laws even when those claims are brought without corresponding claims asserted directly under federal law.")

Finally, Plaintiff cannot successfully argue for reconsideration by relying on arguments now that it could have presented earlier but, for whatever reason, chose not to. Plaintiff, in its Motion for Reconsideration, now argues that the PSLRA's discovery stay does not apply because Plaintiff and the putative class cannot satisfy the loss causation requirement necessary to sustain a direct federal securities claim under Section 14(a) of the Exchange Act. (Motion for Reconsideration Moving Br. at 6–8.) The Court declines to consider this previously unraised argument in the context of a motion for reconsideration.

For the foregoing reasons the Court will **DENY** Plaintiff's Motion to Reconsider.

## III. MOTION TO TRANSFER

Insofar as the motion to dismiss for improper venue or, alternatively, to transfer venue would counsel in favor of deferring the motion to dismiss for failure to state a claim., the Court will address it next. *See, e.g.*, *Zeikos Inc. v. Walgreen Co.*, Civ. No. 21-19993, 2023 WL 239957, at *7 (D.N.J. Jan. 18, 2023) (deferring motion to dismiss to transferee court); *see also Dinkins v. Mayorkas*, Civ. No. 22-1109, 2023 WL 8232670, at *3 (D.N.J. Nov. 27, 2023) (denying Rule 12(b)(6) motion without prejudice and providing the defendants the right to raise the motion again in the transferee court).

**A. LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions [to] transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The purpose of this section is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen*, 376 U.S. at 616 (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). "A court may consider affidavits and other evidence outside the pleadings in deciding a motion to transfer under § 1404(a)." *Papa v. IAT Ins. Grp., Inc.*, 822 F. Supp. 3d 465, 471 (D.N.J. 2026) (citation omitted).

In deciding motions to transfer venue, "courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Rather, courts have considered "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.

The first step in the court's analysis of a transfer motion is to determine whether venue would be proper in the transferee district. If the first prong of the inquiry is satisfied, the court then should determine whether a transfer would be in the interests of justice. *Jumara*, 55 F.3d at 879. This Court notes that the party moving to transfer a case on grounds of inconvenience has the

burden of showing that the existing forum is inconvenient. *Britamco Underwriters v. Raymond E. Wallace Productions, Inc.*, 56 F. Supp. 2d 542, 545 (E.D. Pa. 1999).

**B. DISCUSSION**

Defendants first move to transfer venue pursuant to 28 U.S.C. §§§ 1404(a) and 1406. (*See generally* MTT Moving Br.) In their motion, Defendants argue that venue in New Jersey is improper, as only ExxonMobil is alleged to be a New Jersey corporation while the other twelve defendants are not alleged to reside in New Jersey, and because the facts giving rise to the claims alleged substantially occurred in Spring, Texas. (*See id.* at 9–10.)

Defendants claim that this matter should be transferred to the United States District Court for the Southern District of Texas because none of the Individual Defendants reside in New Jersey and ExxonMobil's corporate headquarters are not in New Jersey. (MTT Moving Br. at 10–12.) In its opposition, Plaintiff asserts that venue is proper in the District of New Jersey, as substantial events relating to the subject matter of this case occurred in New Jersey. (MTT Opp'n Br. at 5–6.) Plaintiff maintains that Defendants have not carried their burden of establishing that any substantial part of the events giving rise to the claims in this action occurred in the Southern District of Texas. (*See generally* MTT Opp'n Br.)

A federal district court can transfer a civil case from one district to another. *See Jumara*, 55 F.3d at 878. A court may do so under Section 1404(a) or 1406(a). *See id.* On the one hand, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Comparatively, Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or

district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

If venue is proper in the court where a case is brought, the court decides whether to transfer the case in light of the standards laid out in Section 1404(a). *See Lafferty v. St. Riel*, 495 F.3d 72, 76–77 (3d Cir. 2007). If, however, venue is not proper in the court where a case was brought, the court decides whether to transfer the case in light of the standards laid out in Section 1406(a). *See id.* Thus, this Court must first determine whether the District of New Jersey is a proper venue for this matter.

Section 1391(b) provides:

> [a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)–(3). If a case falls within one of the districts enumerated in Section 1391(b), venue is proper; if it does not, venue is not proper, and the case must be dismissed or transferred under Section 1406(a). *Atl. Marine Const. Co. v U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 50 (2013). For purposes of venue, a corporate defendant resides in any forum in which it is subject to personal jurisdiction for the action in question. *See* 28 U.S.C. § 1391(c)(2); *Palladino v. Leavitt*, Civ. No. 22-6756, 2023 WL 6366095, at *6 (D.N.J. Sept. 29, 2023) ("For purposes of determining proper venue, a corporate defendant resides 'in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]'" (citing 28 U.S.C. § 1391(c)(2)).

In the Complaint, Plaintiff alleges that "[v]enue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 in that the Defendant is a New Jersey corporation." (Compl. ¶ 11.) Here, the Court finds that venue is not proper in the District of New Jersey, the transferor district. Although ExxonMobil was incorporated in New Jersey, Plaintiff ignores that it also brings claims against the Individual Defendants — none of whom are alleged to reside in New Jersey. (*See* MTT Opp'n Br. at 3 (identifying the states and/or nations to which the Individual Defendants reside, including Texas (4 Individual Defendants), New York (1 Individual Defendant), Pennsylvania (2 Individual Defendants), Florida (3 Individual Defendants), Connecticut (1 Individual Defendant), Massachusetts (1 Individual Defendant), California (2 Individual Defendants), and Finland (1 Individual Defendant).[2]) Thus, Plaintiffs cannot rely on Section 1391(b)(1), as not all Defendants reside in New Jersey.

Plaintiff also cannot rely on Section 1391(b)(2). The facts giving rise to the claims alleged substantially occurred in Spring, Texas, where ExxonMobil's corporate headquarters is located. (*See* Wittrig Decl. ¶¶ 4–8.) Defendants specifically note that Exxon's management team operates out of its corporate headquarters. (*Id.* ¶ 6.) ExxonMobil's Board of Directors holds its meetings in Texas, too. (*Id.* ¶ 7.) Additionally, "[t]he personnel principally responsible for planning, developing, and implementing the [RVP] also work from ExxonMobil's corporate headquarters in Texas. (*Id.* ¶ 8.) Comparatively, Plaintiff fails to allege that any substantive acts occurred in New Jersey. Plaintiff merely notes that ExxonMobil "has solicited proxies through the RVP from retail investors globally, which necessarily includes New Jersey residents[.]" (MTT Opp'n Br. at 6.) Further, Plaintiff asserts that "[t]here is no reason to believe that a substantial part of the board meetings through which the RVP was enacted took place in Texas, rather than through electronic

---

[2] Note that Plaintiff failed to identify the residence of one Individual Defendant, John D. Harris II. (*See* MTT Opp'n Br. at 3.)

meeting rooms, while the [Individual] Defendants remained in their various places of residence." (*Id.*) While it may be true that the relevant board meetings occurred virtually, Plaintiff itself admits that not a single Individual Defendant resides in New Jersey. (*See id.* at 3.) Without asserting any substantive allegations that occurred in New Jersey, Plaintiff cannot rely on Section 1391(b)(2). Finally, Plaintiff cannot rely on the catch-all provision of Section 1391(b)(3) because the Southern District of Texas satisfies Section 1391(b)(2). Hence, the rule allows that this action may be transferred to the Southern District of Texas if the public and private interests weigh in favor of such transfer.

This Court finds that the case should be transferred to the Southern District of Texas based on a weighing of the public and private interests involved. Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The burden of establishing that the transfer is appropriate and that the alternative forum is more convenient lies with the movant. *Jumara*, 55 F.3d at 879. Courts must follow a two-pronged analysis when considering Section 1404(a): (1) whether the proposed forum is one in which plaintiff could have originally brought suit, and (2) whether transfer would be in the interest of justice and for the convenience of the parties and witnesses. *Frato v. Swing Staging, Inc.*, Civ. Action No. 10-5198, 2011 WL 3625064, at *2 (D.N.J. Aug. 17, 2011).

1. Whether Venue Would Be Proper in the Southern District of Texas

First, this Court must decide whether venue would be proper in the proposed transferee district. *Id.* at *3. Here, as set forth above, the Southern District of Texas is appropriate, as many of the alleged violations took place in Texas. Specifically, the personnel principally responsible for planning, developing, and implementing the RVP work from ExxonMobil's corporate headquarters in Texas. (Wittrig Decl. ¶ 8.) The No-Action Request sent to the SEC was signed

by David Kern, a lawyer who works out of ExxonMobil's corporate headquarters. (*Id.* ¶¶ 9–10.) Kern was also involved in the development of the RVP. (*Id.* ¶ 10.)

2. Whether Transfer Would Serve the Interests of Justice and the Convenience of the Parties and Witnesses

Second, the Court must determine whether transfer would be in the "interest of justice and for the convenience of parties and witnesses." *Frato*, 2011 WL 3625064, at *2. Under *Jumara*, courts consider the public and private interests protected by the language of Section 1404(a):

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses — but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).
>
> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879–90 (internal citations omitted).

First, the Court notes that, generally, a "plaintiff's forum choice is given less weight if the elected forum is not the same as plaintiff's residence." *Mendoza v. U.S. Custom and Border Protection*, Civ. No. 05-6017, 2007 WL 842011, at *1 (D.N.J. Mar. 19, 2007); *see also Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 110 (D. Del. 1992) ("When the plaintiff has chosen to bring suit in a district that is not his 'home turf[,]'" that the chosen forum is convenient to plaintiff is not presumed). A plaintiff's choice of forum "is at a high risk of being overridden if [it is] not the forum where the operative events occurred." *Mendoza*, 2007 WL 842011, at *1.

This is particularly true in cases where a plaintiff "sues representatively on behalf of a class." *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996).

Here, Plaintiff is a Florida entity with no apparent connection to New Jersey. Plaintiff claims that some members of the putative class may be based in New Jersey — but it cannot state that for certain. Although Plaintiff chose to bring this action in the District of New Jersey, "the deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district." *Allianz Life Ins. Co. of North America v. Estate of Bleich*, Civ. No. 08-668, 2008 WL 4852683, at *4 (D.N.J. Nov. 7, 2008) (internal citations omitted). While ExxonMobil is incorporated under the laws of New Jersey, its principal place of business is in Texas, as are many of its executives. And the Defendants' preference, as evidenced by the present motion to transfer, is clearly to proceed in Texas.

The fourth, fifth, and sixth factors all relate to the convenience of the parties and the litigation. *See Days Inn Worldwide Inc. v. S&S Airport Hotel, LLC*, Civ. No. 23-3169, 2024 WL 1612324, at *2 (D.N.J. Apr. 15, 2024); *Beychock v. Baffert*, 717 F. Supp. 3d 392, 408–09 (D.N.J. 2024); *Care One, LLC v. Nat'l Labor Relations Bd.*, 608 F. Supp. 3d 540, 547 (CNJ 2023). There is no indication that any relevant party or non-party witness would be unavailable in the Southern District of Texas, and even though most of the books and records are likely to be electronic, any hardcopy documents are more likely to be found in Texas, not New Jersey. There is no indication that any of them could not be produced in Texas.

Next, the seventh factor concerns whether any judgment that might be entered is more readily enforceable in one jurisdiction or another. *See Days Inn*, 2024 WL 1612324, at *3, *Beychock*, 717 F. Supp. 3d at 411; *Care One, LLC*, 608 F. Supp. 3d at 547–48. This factor does

not tilt toward transfer, because there is no reason to think that a judgment might be easier to enforce in Texas than it would be here in New Jersey.

The eighth factor focuses on the "practical considerations that could make the trial easy, expeditious, or inexpensive[.]" *Jumara*, 55 F.3d at 879; *see also Days Inn*, 2024 WL 1612324, at *3; *Beychock*, 717 F. Supp. 3d at 411; *Care One, LLC*, 608 F. Supp. 3d at 547–48. "This factor is concerned with judicial economy and the overarching interests of justice." *Days Inn*, 2024 WL 1612324, at *3; *see also In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 n.7 (3d Cir. 2017); *Lawrence v. Xerox Corp.*, 56 F. Supp. 2d 442, 455 (D.N.J. 1999). The parties do not advance specific arguments on this issue. Defendants noted that the majority of witnesses that Plaintiff identified as key witnesses are in Texas. Thus, this factor weighs slightly in favor of transfer.

Additionally, the public interest factors weigh in favor of transfer to the Southern District of Texas. "The public policies of the fora," *Jumara*, 55 F.3d at 879, weigh toward transfer because "New Jersey jurors should not be burdened with adjudicating a matter concerning decisions and/or conduct which occurred almost exclusively outside the State of New Jersey." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 526 (D.N.J. 1998). Overall, the public factors weigh towards transfer.[3]

Given that both public and private factors weigh towards transfer, the Court will **GRANT** Defendants' Motion to Transfer venue to the Southern District of Texas.

[3] Note that courts in this District have previously found that venue is proper in the federal districts of Texas for cases in which ExxonMobil is a defendant. *See, e.g., Gulden v. ExxonMobil Corp.*, Civ. No. 24-7381, 2025 WL 1549313, at *7 (D.N.J. May 30, 2025) (ExxonMobil is "a corporation with its principal place of business in Texas, which is located within the geographic area covered by the Southern District of Texas."); *In re Exxon Mobil Corp. Deriv. Lit.*, Civ. No. 19-6380, 2020 WL 5525537, at *3 ("[T]he Northern District of Texas has proper jurisdiction over this action because many of the defendants reside and do business in Texas and many of the alleged violations took place in Texas.").

## IV. MOTION TO DISMISS

In light of the Court's decision to transfer this matter, it will decline to consider the merits of the Motion to Dismiss. The Motion will be DENIED without prejudice to Defendants' right to renew it before the transferee court.

## V. CONCLUSION

For the reasons stated above, the Court will **DENY** Plaintiff's Motion for Reconsideration and **GRANT** Defendants' Motion to Transfer. This matter will be transferred to the Southern District of Texas. Defendants' Motion to Dismiss will be **DENIED.** An appropriate Order will follow.

Date: August 25, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**